CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 13 2015

JULIA C. DUDLEY, CLERK
BY: /s/
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DAVIS TRUST COMPANY, | ) |
| Plaintiff, | ) Civil Action No. 3:14CV00047 |
| | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) Hon. Glen E. Conrad |
| JARSS, INC., et al., | ) Chief United States District Judge |
| | ) |
| Defendants. | ) |

Davis Trust Company ("Davis Trust") filed this diversity action against JARSS, Inc. ("JARSS"), Jaya S. Tiwari, and Sridevi J. Tiwari (collectively, "the Tiwaris") to recover the outstanding balances remaining upon default on two promissory notes. The case is presently before the court on Davis Trust's motion for default judgment against JARSS, and its motion for judgment on the pleadings against the Tiwaris. For the reasons set forth below, the motions will be granted.

## Background

### I. Note 1

On March 10, 2011, JARSS and the Tiwaris obtained a $679,000.00 loan from Davis Trust. The loan is evidenced by a promissory note ("Note 1") signed by the Tiwaris. Note 1 required the defendants to make monthly payments in the amount of $5,325.00 on the tenth day of each month, and carried an interest rate of 6%. The note permitted Davis Trust to accelerate the entire amount due in the event of default, which included, among other circumstances, the failure to make any payment when due. The defendants also agreed, pursuant to Note 1, to pay Davis Trust's expenses incurred in collecting the amounts due under the note, including attorneys' fees, other legal expenses, and court costs.

Note 1 was secured by a deed of trust on certain property in Nelson County, Virginia. The deed of trust authorized Davis Trust to foreclose on and sell the property in the event that Note 1 went into default.

The defendants failed to make monthly payments due under Note 1. As a result, Note 1 went into default for nonpayment and was declared due and payable in full by Davis Trust. The defendants did not make the requisite payment. Consequently, Davis Trust initiated foreclosure proceedings against the property subject to the deed of trust, and the property was sold at auction on June 27, 2014.

The property brought a final bid of $475,000.00. After deducting the expenses of the sale, Davis Trust applied the sale proceeds to the amount due under Note 1. This left a deficiency balance, as of June 27, 2014, of $260,105.92.

## II.   Note 2

Davis Trust is also the owner and holder of a November 16, 2012 promissory note for a $20,000.00 loan to JARSS ("Note 2"). Note 2 required JARSS to make regular monthly payments in the amount of $480.29, and carried an interest rate of 7%. The note permitted Davis Trust to accelerate the entire amount due in the event of default, which included, among other circumstances, the failure to make any payment when due. JARSS further agreed, pursuant to Note 2, to pay Davis Trust's expenses incurred in collecting the amounts due under Note 2, including attorneys' fees, other legal expenses, and court costs.

The debt was secured by commercial guaranties executed by the Tiwaris. Under the terms of the guaranties, the Tiwaris absolutely and unconditionally guaranteed payment of all amounts due under Note 2, including the costs, expenses, and attorneys' fees incurred in collecting the amounts due.

2

JARSS failed to make the monthly payments due under Note 2. As a result, Note 2 went into default and was declared due and payable in full by Davis Trust. The defendants have not made the requisite payment. As of June 27, 2014, Note 2 had an oustanding balance of $15,675.35.

## Procedural History

On November 6, 2014, Davis Trust filed a verified complaint against JARSS and the Tiwaris, seeking to recover the balances due under Notes 1 and 2, plus interest, attorneys' fees, and costs. The verified complaint was served on the defendants. On November 28, 2014, the Tiwaris, proceeding pro se, mailed a response to the complaint on behalf of all three defendants.[1]

On December 22, 2014, Davis Trust moved to strike the pro se response with respect to JARSS, since the Tiwaris are not attorneys licensed to practice law in the Commonwealth of Virginia. Davis Trust then requested that the Clerk enter default against JARSS. An entry of default was filed by the Clerk on December 29, 2014.

The case is presently before the court on Davis Trust's motion for default judgment against JARSS, and its motion for judgment on the pleadings against the Tiwaris. The court held a hearing on the motions on January 27, 2015. Despite receiving notice of the scheduled hearing date, the Tiwaris did not appear for the hearing. Later that day, the Tiwaris advised the court that they were unable to appear because of illness. The court agreed to hold another hearing on February 6, 2015. Despite receiving a second opportunity to be heard, the Tiwaris once again failed to appear. Accordingly, the court will proceed to rule on the pending motions.

---

[1] For unknown reasons, it appears that the court did not receive the pro se response that the Tiwaris mailed to the court's Charlottesville division. However, Davis Trust filed a copy of the response, and the court has considered it in ruling on the motion for judgment on the pleadings.

3

## Discussion

### I. Motion for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure provides that entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). In this case, the Clerk properly entered default against JARSS on December 29, 2014. Although the Tiwaris attempted to respond to the complaint on JARSS's behalf, "a corporation may appear in the federal courts only through licensed counsel."[2] Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993). Because JARSS has repeatedly failed to appear by counsel, Davis Trust has appropriately moved for default judgment against this defendant. See Grace v. Bank Leumi Trust Co., 443 F.3d 180, 192 (2d Cir. 2006) ("[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55 . . . .") (internal citation and quotation marks omitted).

When a defendant defaults, it "admits the plaintiff's well-pleaded allegations of fact." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (internal quotation marks and citations omitted); see also Fed. R. Civ. P. 8(b)(6). Accordingly, in the default judgment context, "the appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, No. 99-1508, 1999 U.S. App. LEXIS 18633, at *2 (4th Cir. Aug. 10, 1999) (internal citation omitted).

---

[2] Davis Trust has moved to strike the Tiwari's pro se response with respect to JARSS. That motion will be granted.

4

In this case, Davis Trust seeks to recover the unpaid balances due under both promissory notes. The notes are negotiable instruments under West Virginia law.[3] W. Va. Code § 46-3-104(a). Davis Trust is entitled to enforce the notes as the holder of those instruments. W. Va. Code § 46-3-301.

Davis Trust's verified complaint and accompanying exhibits establish that JARSS borrowed funds under the terms set forth in Note 1, and that JARSS defaulted on the note by failing to make required payments. Upon default, Davis Trust had the right to accelerate the amounts due under Note 1, and to foreclose on and sell the real estate securing payment. See Compl. Exs. B & C. Under West Virginia law, Davis Trust is entitled to a deficiency judgment for the balance remaining under Note 1 following application of the foreclosure sale proceeds. See Sostaric v. Marshall, 766 S.E.2d 396, 399 (W. Va. 2014) (explaining that a deficiency judgment is an imposition of liability for an unpaid balance of a secured obligation after foreclosure has failed to yield the full amount of the underlying debt). Because JARSS has not challenged whether the secured property was sold for its fair market value, the foreclosure sale price is used to compute the deficiency. Id. at 405.

Davis Trust's sworn submissions establish that Note 1 had a deficiency balance of $260,105.92, as of June 27, 2014. Accordingly, Davis Trust's motion for default judgment against JARSS will be granted as to Note 1, and judgment will be entered in Davis Trust's favor for the deficiency balance due under the note, plus appropriate interest.

---

[3] Because the court's jurisdiction is based on the diversity of the parties, the court applies the choice of law rules of Virginia, the forum state. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). "Virginia law looks favorably upon choice of law clauses in a contract, giving them full effect except in unusual circumstances." Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 624 (4th Cir. 1999). In this case, the notes and guaranties provide that they are governed by West Virginia law. Compl. Ex. B & F. Accordingly, the court will apply West Virginia law in reviewing the plaintiff's claims.

5

Davis Trust's verified complaint and accompanying exhibits also establish that JARSS borrowed funds under the terms set forth in Note 2, and that JARSS defaulted on the note by failing to make required payments. Upon default, Davis Trust had the right to declare the entire unpaid balance under Note 2, and all accrued unpaid interest, immediately due. See Compl. Ex. F. The unpaid balance and accrued interest has not been paid by JARSS, and Davis Trust is now entitled to judgment against JARSS for the entire remaining balance under Note 2.

Davis Trust's sworn submissions establish that Note 2 had an outstanding balance of $15,675.35, as of June 27, 2014. Accordingly, Davis Trust's motion for default judgment against JARSS will be granted as to Note 2, and judgment will be entered in Davis Trust's favor for the balance due under this note, plus appropriate interest.

## II. Motion for Judgment on the Pleadings

Davis Trust has also moved for judgment on the pleadings against the Tiwaris. Federal Rule of Civil Procedure 12(c) permits any party to move for judgment on the pleadings after the pleadings are closed. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001); see also Davenport v. Davenport, 146 F. Supp. 2d 770, 783 (M.D.N.C. 2011). In determining whether a party is entitled to judgment on the pleadings, the court must accept as true all material facts alleged in the non-moving party's pleading, and view those facts in the light most favorable to the non-moving party. Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014). The court may consider the pleadings and any "written instruments" attached as exhibits. Fed. R. Civ. P. 10(c). Additionally, when a party fails to deny in a required responsive pleading any substantive allegation in the complaint, that allegation is deemed admitted. See Fed. R. Civ. P. 8(b)(6).

6

Upon review of the record, the court concludes that Davis Trust is entitled to judgment on the pleadings against the Tiwaris with respect to Note 1. It is undisputed that the Tiwaris each personally executed Note 1 in their individual capacities, and that they subsequently defaulted on the note by failing to make required payments. In their pro se response to the complaint, the Tiwaris do not deny the material factual allegations in the complaint, or offer any additional facts that would establish a viable defense. Instead, they indicate that they were unable to make their loan payments due to health issues, and that they requested an extension of time to make their payments, which Davis Trust refused. While the court is sympathetic to the Tiwaris' situation, Davis Trust was not required to grant them an extension of time to make their loan payments. Under the terms of Note 1 and the deed of trust, Davis Trust was entitled to declare the entire amount due upon default, and to foreclose on and sell the real estate securing the debt if that amount was not paid.

Under West Virginia law, Davis Trust is now entitled to a deficiency judgment for the balance remaining under Note 1, following application of the foreclosure sale proceeds. See Sostaric, 766 S.E.2d at 399. Because the Tiwaris have not challenged whether the secured property was sold for its fair market value, the foreclosure sale price is used to compute the deficiency. Id. at 405. Davis Trust has submitted a sworn declaration verifying that Note 1 had a deficiency balance of $260,105.92, as of June 27, 2014. Given the absence of any dispute of material fact, Davis Trust's motion for judgment on the pleadings against the Tiwaris will be granted as to Note 1, and judgment will be entered in Davis Trust's favor for the deficiency balance due under this note, plus appropriate interest.

Davis Trust's complaint and exhibits also establish that Davis Trust is entitled to judgment on the pleadings against the Tiwaris with respect to Note 2. The Tiwaris absolutely and unconditionally guaranteed payment of the debt owed under Note 2. See Esso Standard Oil Co. v.

7

Kelly, 112 S.E.2d 461, 466 (W. Va. 1960) (explaining that an absolute guaranty is "an unconditional undertaking by a guarantor that the debtor will pay the debt or perform the obligation," and an "unconditional promise of payment or performance of the contract on default of the principal debtor or obligor"). It is undisputed that JARSS defaulted on Note 2 by failing to make required payments, and that the Tiwaris have failed to satisfy JARSS's obligations as required by the terms of the guaranty. Accordingly, Davis Trust is entitled to judgment against the Tiwaris for the remaining balance under Note 2.

As set forth above, Davis Trust submitted a sworn declaration verifying that Note 2 had an outstanding balance of $15,675.35, as of June 27, 2014. Given the absence of any dispute of material fact, Davis Trust's motion for judgment on the pleadings against the Tiwaris will be granted as to Note 2, and judgment will be entered in Davis Trust's favor for the balance due under this note, plus appropriate interest.

### III. Attorneys' Fees

In addition to seeking the balances due under Notes 1 and 2, Davis Trust seeks to recover the attorneys' fees and other legal expenses incurred in enforcing its right to payment. Both promissory notes contain the following provision regarding attorneys' fees and expenses:

> ATTORNEYS' FEES; EXPENSES. Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit. . . . If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

Compl. Exs. B & F. Likewise, pursuant to the terms of the guaranties, the Tiwaris "agree[d] to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of [the guaranties]," as well as "all court costs and such additional fees as may be directed by the court." Compl. Exs. G & H.

8

Davis Trust has submitted an affidavit from one of its attorneys, Andrew S. Baugher, Esq., which indicates that Davis Trust has incurred attorneys' fees in the amount of $9,276.00. The affidavit also indicates that Davis Trust has incurred costs in the amount of $505.00, which include the costs associated with filing the instant action and serving the defendants.

Despite the defendants' failure to appear to contest the request for attorneys' fees and expenses, the court has reviewed the request for reasonableness. The court finds that the amount of the claimed attorneys' fees is reasonable, and that the record supports awarding costs in the amount requested by Davis Trust. Accordingly, the judgment will include an award of attorneys' fees and costs in the amount of $9,781.00.

## Conclusion

For the reasons stated, the court will grant Davis Trust's motion for default judgment against JARSS and its motion for judgment on the pleadings against the Tiwaris. Judgment will be entered in favor of Davis Trust and against the defendants, jointly and severally, on the first note in the amount of $260,105.92, plus interest at the contractual rate of 6% from June 27, 2014 until the date of entry of the judgment and thereafter at the statutory rate until paid in full. Judgment will be entered in favor of Davis Trust and against the defendants, jointly and severally, on the second note and the commercial guaranties in the amount of $15,675.35, plus interest at the contractual rate of 7% from June 27, 2014 until the date of entry of the judgment and thereafter at the statutory rate until paid in full. Judgment will also be entered in favor of Davis Trust and against the defendants, jointly and severally, for reasonable attorneys' fees and expenses in the amount of $9,781.00.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendants and all counsel of record.

ENTER: This 13th day of February, 2015.

*/s/ Glen Conrad*
Chief United States District Judge